## Richmond

CALVIN RAY CLAYPOOLE v. RONALD RALPH KING, AN INFANT, ETC.

September 1, 1971.

Record No. 7603.

Present, I'Anson, Gordon, Harrison, Cochran and Harman, JJ.

*Stuart B. Campbell, Jr.* (*Campbell & Campbell*, on brief), for plaintiff in error.

*James A. Boyd; Daniel W. Bird, Jr.* (*Woods, Gleaves & Bird*, on brief), for defendant in error.

Per Curiam.

The plaintiff, Ronald Ralph King, an infant, recovered in the trial court a judgment in the sum of $8,000 for personal injuries received when the bicycle he was riding was struck by an automobile operated by the defendant, Calvin Ray Claypoole. The defendant assigns error to the actions of the trial court in permitting the jury to pass upon the questions of negligence and contributory negligence and in granting Instruction No. 2 at the request of the plaintiff.

The accident in question occurred when the defendant, who

was proceeding in a northerly direction on U. S. Route 21, attempted to pass the plaintiff, who was riding his bicycle in the same direction. According to the version presented by the plaintiff's evidence, the defendant struck the bicycle from behind while it was being operated in its proper lane of travel. According to the defendant's version, the plaintiff was struck when he suddenly veered his bicycle to the left across the center line and into the side of the defendant's vehicle.

In these circumstances, the trial court properly permitted the jury to decide which version should be accepted and to determine the resulting liability of the parties.

Instruction No. 2, of which the defendant complains, told the jury that when the defendant saw the plaintiff in or near the highway ahead of him, it became his duty to exercise *that degree of care* that a person of reasonable prudence would have exercised under similar facts and circumstances to avoid danger of injuring the plaintiff. We think the granting of this instruction was error.

The plaintiff was over the age of fourteen at the time of the accident and thus presumed to be sensible of danger and to have the power to avoid it. No evidence was offered by the plaintiff to overcome this presumption.

Therefore, the defendant owed the plaintiff only the duty of exercising ordinary care. That duty and the consequences of a breach thereof were fully explained to the jury in another instruction. However, Instruction No. 2 would have permitted the jury to find that the defendant owed the duty of exercising that higher degree of care which would have been required had the plaintiff been of such tender years that the defendant should have taken into consideration the fact that he might act thoughtlessly and, upon childish impulse, put himself in a position of peril. *Burnette* v. *McDonald*, 206 Va. 186, 189, 142 S.E.2d 495, 498 (1965).

The judgment of the trial court will be reversed and the case remanded for a new trial.

*Reversed and remanded.*